**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID ERIKE MACLLOYD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-1326 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| BRADLEY TRATE *(WARDEN)*, | ) | Re: ECF Nos. 6 and 14 |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Currently before this Court are correspondence received from Petitioner and docketed as a "Motion for Sanctions," ECF No. 6, and Petitioner's "Motion to Suspend Sanctions." ECF No. 14. For the reasons that follow, these will be treated as motions for preliminary injunction and denied.[1]

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner David Erike MacLloyd ("Petitioner") is a federal prisoner currently incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean") in Lewis Run, Pennsylvania. In 2010, Petitioner was found guilty of various drug crimes, and sentenced to 360 months imprisonment followed by five years of supervised release by the United States District Court for the Eastern District of Michigan. <u>United States of America v. MacLloyd, et al.</u>, No. 08-20289 (E.D. Mich. <u>filed</u> Mar. 22, 2008). Petitioner further asserts that he was fined $1,876,000.[2] ECF No. 1 at 9.

---

[1] Full consent to the jurisdiction of a United States Magistrate Judge was obtained on February 1, 2022. ECF Nos. 16 and 24.

[2] The Judgment Order in Petitioner's underlying criminal case confirms his sentence of imprisonment (along with concurrent sentences) and supervised release. It also indicates that he was subjected to a criminal assessment of $1,400.00, as well as a mandatory civil penalty of $1,896,316. <u>United States v. MacLloyd et al.</u>, Criminal No. 08-20289, ECF No. 237 (E.D. Mich. filed Feb. 10, 2012). The Judgment Order further states that "[u]nless the court has expressly ordered otherwise in

(… footnote continued)

The instant federal action was initiated on September 13, 2021, with the filing of Petitioner's "§ 2241 Habeas Corpus Petition Form" (the "Petition"), ECF No. 1, in the United States District Court for the Eastern District of Pennsylvania.  This case was transferred to this District on October 4, 2021.  ECF No. 4.

### A. The Petition

In the Petition, Petitioner asserts that the execution of his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because he has been required by the Federal Bureau of Prisons (the "BOP") to enroll in the Inmate Financial Responsibility Program ("FRP" or "IFRP").  The FRP entails that a certain amount of money is periodically deducted from Petitioner's inmate trust account and applied against the monetary penalties imposed as part of his sentence.  ECF No. 1 at 3 and 9.  See also 28 C.F.R. §§ 545.10 and 545.11.

Petitioner initially agreed to take part in the FRP.  However, the required payments have increased from $25 to $150 every three months, and Petitioner has declined to pay the increased amount.  ECF No. 1 at 9.  As a result, the prison has "sanctioned [him] by restricting [his] spending limit which prevented [him] from purchasing [his] monthly medications."  Id.  Petitioner also has been informed that he has been housed in a higher custody prison than necessary, and no longer qualifies for community confinement as a result of his unwillingness to pay the increased payments. Id.

Petitioner further alleges that his underlying conviction supports only a term of imprisonment of 11-14 years and a fine of zero dollars, and that the sentence that was imposed on him was "grossly

---

the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program."  Id. at 7.

disproportionate to [his] jury verdict."  As a result, he alleges that he is forced to serve his sentence in a prison that is more dangerous than where he otherwise would be held.  Id. at 9-10.

By way of relief, Petitioner seeks "a sentence that reflects [his] jury verdict and an order suspending all FRP payments."  Id. at 7.

In light of the arguments made in the Petition, this Court ordered Petitioner to clarify whether he was attacking the sanctions imposed against him by the BOP due to his unwillingness to make payments under the FRP, or attacking his sentence of imprisonment and monetary penalties imposed by the United States District Court for the Eastern District of Michigan.  ECF No. 7 at 2-3.  Plaintiff responded that he was challenging the execution of his sentence, and not its validity.  ECF No. 11 at 1.  Therefore, only Petitioner's claims relating to the FRP are before this Court.

**B. The Motions**

Along with the Petition, Petitioner submitted correspondence alleging that, due to financial restrictions resulting from his FRP refusal status, he was unable to pay for "certain medications and preventative care" that had been made his responsibility by the BOP.  ECF No. 6 at 1.  The result is that he is "in a great deal of pain[,]" and presumably is unable to treat his alleged medical conditions.  Id.  He seeks an injunction lifting the FRP sanctions during the pendency of this case.  Id.  This correspondence was docketed as a "Motion for Sanctions."  Id.  On January 11, 2022, Plaintiff filed a self-styled "Motion to Suspend Sanctions" raising the same arguments, and seeking the same relief.  ECF No. 14 at 1.

On January 18, 2022, this Court ordered counsel for Respondent to respond to Plaintiff's two pending motions, which they did on January 21, 2022.  ECF Nos. 18 and 21.  In the Response, Respondent asserts that, even under sanctions, Petitioner still has a monthly commissary spending limit of $25.  ECF No. 21 ¶¶ 8, 10.  Further, Respondent argues that Petitioner continues to receive

medical care while on FRP "refuse" status, and that all prescribed medication has been dispensed to Petitioner through the prison pharmacy.  Id. ¶¶ 11-12.

In the Response, Respondent further takes issue with Petitioner's failure to state which medications he is required to purchase from the commissary, and argues that  Petitioner's medical records do not indicate that Petitioner is taking any over the counter medications.  Id. ¶ 13.  In support of this, Respondents submit medical records from August 12, 2021 stating that Petitioner had "No OTCs to be Reconciled[,]" ECF No. 21-5 at 45-46.  Petitioner's medical records from December 15, 2021 and January 26, 2022, also indicate that he was receiving treatment for type 2 diabetes mellitus, and that prescribed medication was being dispensed to Petitioner via the prison's pharmacy.  Id. at 8-10, 40 and 43.

On February 8, 2022, Petitioner filed a Reply to the Response.  ECF No. 26.  Petitioner does not dispute that he receives treatment for his medical conditions, or that that he has received his prescribed medications.  Instead, he asserts that he has to pay for a fish oil supplement and a fiber supplement, which he takes in order to be "proactive in [his] own health."  Id. at 1.  Petitioner asserts that uses these supplements to treat his diabetes and elevated cholesterol.  Id. at 1.

In the margin of the Reply, Petitioner argues that he never refused to take part in the FRP – only to the BOP's unilateral increase in payment – and that the Warden put him on "refuse" status without his consent.  Petitioner asserts that he never violated his FRP contract.[3]  Id. at 2.

Petitioner's Motions are ripe for adjudication.

---

[3] In the Reply, Petitioner again disputes that the above-mentioned assessment and fine were part of his sentence, or that he was present when that part of his sentence was imposed.  ECF No. 26 at 2-3.  However, these arguments attacking the validity of his sentence are not properly before this Court on this Petition under Section 2241.  See ECF No. 11.

## II. LEGAL ANALYSIS

The relief sought by Petitioner – a preliminary injunction releasing him from sanctions during the pendency of this Petition so he can buy medications – sounds in the Eighth Amendments' prohibition of cruel and unusual punishment.[4]   Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical need prohibited by the Eighth Amendment).  A stand-alone Eight Amendment claim would not be cognizable in a habeas claim.  See, e.g., Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("core" of habeas is validity of conviction, or that fact or length of the sentence).   See also Hope v. Warden York Cnty. Prison, 972 F.3d 310, 324 (3d Cir. 2020) (an attack on conditions of confinement is "cognizable in a federal habeas action *only in extreme cases*." (internal quotation omitted, emphasis in original)).

However, because Petitioner asserts that his inability to purchase his supplements is a result of a sanction stemming from his FRP refuse status, it is properly before this Court in the present Petition under 28 U.S.C. § 2241.  McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) (holding that a federal prisoner's challenge to the FRP affects the execution of his sentence, and this is properly raised in a habeas petition under Section 2241).  Id. at 936 ("[The petitioner] has not challenged, say, the denial of kosher meals—though we suppose that if he had been denied kosher meals because he refused to pay his fine in accordance with the IFRP, he might have a habeas cause

---

[4] Strictly speaking, because Respondent was not served formal notice of the initial Motion for Sanctions, ECF No. 6, prior to entering appearance, that motion is one for a temporary restraining order ("TRO") rather than for a preliminary injunction. Fed. R. Civ. P. 65 (a) and (b).  However, Respondent was afforded an opportunity to respond, and Petitioner replied to the Response; thus both pending Motions should be treated as motions for preliminary injunction. Regardless, the four-part test, articulated herein, has been applied both to motions for TROs and for preliminary injunctions, and would be applied here even if the Motion for Sanctions were to be treated as seeking a TRO.  Ramsey v. City of Pittsburgh, 764 F. Supp. 2d 728, 730 (W.D. Pa. 2011) (Cercone, J.) (applying the standard herein to a motion for TRO).

of action.  In other words, [the petitioner's] petition should not be conceptualized as a direct challenge to the various 'conditions of confinement' that have been inflicted upon him.").

"'[T]he grant of injunctive relief is an extraordinary remedy . . . which should be granted only in limited circumstances.'" AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir.1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)).  A party seeking a preliminary injunction must show: "'(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" Ball v. Beard, 396 F. App'x 826, 827 (3d Cir. 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)).  See also Hope, 972 F.3d 310, 319 (3d Cir. 2020) (applying the traditional preliminary injunction factors in a federal habeas petition under Section 2241 challenging conditions of confinement).

Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.  Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotes omitted and emphasis removed).  A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the [petitioner] from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued.  Id.  Speculative injury does not constitute a showing of irreparable harm. Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 358-59 (3d Cir. 1980); see also Public Serv. Co. v. Town of West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).

6

Finally, "[i]n order to support a preliminary injunction, [petitioner] must show *both* a likelihood of success on the merits and a probability of irreparable harm." Campbell Soup Co., 977 F.2d at 90-91 (emphasis added).  The movant bears the burden of showing that the injunction sought should be issued.  Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017)

Applying the above standard, Petitioner has failed to demonstrate his entitlement to the preliminary injunction that he seeks.

**A. Reasonable Likelihood of Success**

Petitioner is unable to demonstrate a reasonable likelihood of success on the merits of his Eighth Amendment claim based on denial of medical care.

Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care.  Estelle, 429 U.S. at 104.  In order to succeed on a claim of denial of medical treatment in violation of his Eighth Amendment rights, an inmate must show: (1) that he was suffering from a "serious" medical need; and (2) that the prison officials were "deliberately indifferent" to the serious medical need.  Id.  With respect to the first element of this standard, a medical need qualifies as "serious" when, for example, "it . . . has been diagnosed by a physician as requiring treatment." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  A medical need also may be "serious" if it is so obvious that even a layperson would recognize the need for a doctor's attention.  Morrison v. Phillips, No. 06–812, 2008 WL 4308215, at *13 (D.N.J. Sept.16, 2008) (quoting Johnson v. Snyder, 444 F.3d 579, 584–85 (7th Cir. 2006)).

With respect to the second element – deliberate indifference – the United States Supreme Court has adopted a subjective approach.  Farmer v. Brennan, 511 U.S. 825, 842 (1994).  This standard requires that "the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837; see also Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer, 511 U.S. at 837). The United States Court of Appeals for the Third Circuit has held that deliberate indifference may be demonstrated in several scenarios, including "when a doctor is intentionally inflicting pain on [a] prisoner," and when the denial of "reasonable requests for medical treatment . . . exposes the inmate to undue suffering[.]" Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (internal quotation marks and citations omitted). This standard also is met when "a prison official ... knows of a prisoner's need for medical treatment but intentionally refuses to provide it" or "delays necessary medical treatment based on a nonmedical reason." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999).

Importantly however, acts that would rise only to the level of medical malpractice, or mere disagreement over a course of treatment, are not violations of the Eighth Amendment. Spruill, 372 F.3d at 235. Additionally, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Farmer, 511 U.S. at 845. It further is well-established that a non-physician respondent is not deliberately indifferent "simply because [he or she] failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Here, Petitioner fails to show deliberate indifference with respect to his alleged inability to purchase fish oil and fiber supplements. To the contrary, the evidence of record indicates that Petitioner receives medical care for his medical conditions, including prescription medicine that is distributed through the prison pharmacy. ECF No. 21-5 at 8-10, 40 and 43. In light of this treatment, Petitioner's preference for fish oil and fiber supplements does not support a conclusion of

deliberate indifference, and thus Petitioner has not demonstrated a likelihood of success on his Eighth Amendment claim.[5]  Accordingly this factor weighs in favor of denial.

### B. Immediate Irreparable Injury to Plaintiff

Petitioner's initial argument is that he was "in a great deal of pain" and was being denied medications needed to treat his underlying conditions, ECF No. 6 at 1.  But the evidence of record shows that Petitioner is receiving treatment and prescription medications for his medical conditions.  ECF No. 21-5.  Petitioner has not shown how failing to obtain fish oil and fiber supplements will result in an injury in light of the medical treatment that he is receiving from the prison.  As such, Petitioner has not shown an immediate irreparable injury absent a preliminary injunction.  Accordingly, this factor weights in favor of denial.

### C. Balancing of Harms and Public Interest

The Third Circuit has recognized that courts must show a level of deference to the day-to-day administration of prisons.  See, e.g., Mack v. Yost, 968 F.3d 311, 323 (3d Cir. 2020) (citing cases).  "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government."  Turner v. Safley, 482 U.S. 78, 84-85, (1987). "Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint."  Id.

---

[5] This Court is cognizant of Petitioner's correspondence that his FRP refuse status has resulted in ineligibility for credits under the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4)(A).  See ECF No. 22 at 1.  See also Nos. 28-2 at 3, 31 at 1, and 31-1 at 1.  This was not asserted as a basis for injunctive relief in the Motions.  Thus, while this Court will order supplemental briefing on Petitioner's ineligibility under the FSA with respect to the merits of the Petition, this argument is not

(… footnote continued)

In light of Petitioner's failure to show deliberate indifference to a serious medical need, and considering the facts of this case, this Court concludes that the harm to Respondent resulting from an intrusion to prison administration through the issuance of a preliminary injunction, and the public interest, weigh in favor of denial.

## III. CONCLUSION

For the reasons set for herein, this Court finds that Petitioner has not established the requisite elements necessary to support the issuance of a preliminary injunction.

Accordingly, the following Order is entered:

AND NOW, this 28th day of June, 2022, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Petitioner's "Motion for Sanctions," ECF No. 6, and "Motion to Suspend Sanctions," ECF No. 14, are construed as motions for preliminary injunction, and DENIED.

Date:   June 28, 2022                    BY THE COURT,

                                         _/s/ Maureen P. Kelly_____
                                         MAUREEN P. KELLY
                                         UNITED STATES MAGISTRATE JUDGE

cc:     David Erike MacLloyd
        20156-039
        FCI McKean
        6975 PA Route 59
        Lewis Run, PA 16738

        All counsel of record (*via* CM/ECF)

---

properly before this Court with respect to the present motions.