IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ERIKE MACLLOYD, | ) |
| Petitioner, | ) Civil Action No. 21-1326 |
| v. | ) Magistrate Judge Maureen P. Kelly |
| BRADLEY TRATE *(WARDEN)*, | ) Re: ECF No. 1 |
| Respondent. | ) |

**MEMORANDUM OPINION**

Currently before this Court is Petitioner's "§ 2241 Habeas Corpus Petition Form" (the "Petition"). ECF No. 1. For the reasons that follow, the Petition will be denied.[1] A certificate of appealability is not required for federal prisoners seeking relief under 28 U.S.C. § 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). Therefore, it is not necessary to determine whether one should be issued here.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner David Erike MacLloyd ("Petitioner") is a federal prisoner currently incarcerated at the Federal Correctional Institution at Hazelton ("FCI-Hazelton") in Bruceton Mills, West Virginia. At the time that this case was initiated, he was incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean") in Lewis Run, Pennsylvania, which is in this judicial district.

In 2010, Petitioner was found guilty of various drug crimes, and sentenced to 360 months imprisonment followed by five years of supervised release by the United States District Court for the

---

[1] Full consent to the jurisdiction of a United States Magistrate Judge was obtained on February 1, 2022. ECF Nos. 16 and 24.

1

Eastern District of Michigan. United States of America v. MacLloyd, et al., No. 08-20289 (E.D. Mich. filed Mar. 22, 2008). Petitioner further asserts that he was fined $1,876,000.[2] ECF No. 1 at 9.

The instant federal habeas action was initiated on September 13, 2021, with the filing of the Petition, ECF No. 1, in the United States District Court for the Eastern District of Pennsylvania. This case was transferred to this District on October 4, 2021. ECF No. 4.

**A. The Petition**

In the Petition, Petitioner asserts that the execution of his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because he has been required by the Federal Bureau of Prisons (the "BOP") to enroll in the Inmate Financial Responsibility Program ("FRP"). The FRP entails that a certain amount of money is periodically deducted from Petitioner's inmate trust account and applied against the monetary penalties imposed as part of his sentence. ECF No. 1 at 3 and 9. See also 28 C.F.R. §§ 545.10 and 545.11.

Petitioner initially agreed to take part in the FRP. However, the required quarterly payments have increased from $25 to $150, and Petitioner has declined to pay the increased amount. ECF No. 1 at 9. As a result, the prison has "sanctioned [him] by restricting [his] spending limit which prevented [him] from purchasing [his] monthly medications." Id. Petitioner also has been informed that he has been housed in a higher custody prison than necessary, and no longer qualifies for community confinement as a result of his unwillingness to pay the increased amounts. Id.

---

[2] The Judgment Order in Petitioner's underlying criminal case confirms his sentence of imprisonment (along with concurrent sentences) and supervised release. It also indicates that he was subjected to a criminal assessment of $1,400.00, as well as a mandatory civil penalty of $1,896,316. United States v. MacLloyd et al., Crim. No. 08-20289, ECF No. 237 (E.D. Mich. filed Feb. 10, 2012). The Judgment Order further states that "[u]nless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program." Id. at 7.

2

Petitioner further alleges that his underlying conviction supports only a term of imprisonment of 11-14 years and a fine of zero dollars, and that the sentence that was imposed on him was "grossly disproportionate to [his] jury verdict." As a result, he alleges that he is forced to serve his sentence in a prison that is more dangerous than where he otherwise would be held. Id. at 9-10.

In light of the arguments made in the Petition, this Court ordered Petitioner to clarify whether he was attacking the sanctions imposed against him by the BOP due to his unwillingness to make payments under the FRP, or attacking his sentence of imprisonment and monetary penalties imposed by the United States District Court for the Eastern District of Michigan. ECF No. 7 at 2-3. Petitioner responded that he was challenging the execution of his sentence, and not its validity. ECF No. 11 at 1. Therefore, only Petitioner's claims relating to the FRP are before this Court.³

**B. The Motions for Preliminary Injunction**

Along with the Petition, Petitioner submitted correspondence alleging that, due to financial restrictions resulting from his FRP refusal status, he was unable to pay for "certain medications and preventative care" that had been made his responsibility by the BOP. ECF No. 6 at 1. The result was that he was "in a great deal of pain[,]" and presumably was unable to treat his alleged medical conditions. Id. Petitioner sought an injunction lifting the FRP sanctions during the pendency of this case. Id. This correspondence was docketed as a "Motion for Sanctions." Id. On January 11, 2022,

---

³ Additionally, the undersigned takes notice that Petitioner already attacked his underlying conviction in a Section 2255 motion in 2014. Crim. No. 08-20289, ECF No. 254. This ultimately was denied by the district court on May 24, 2018, Crim. No. 08-20289, ECF No. 299, and a certificate of appealability was denied by the United States Court of Appeals for the Sixth Circuit on March 8, 2019. Crim. No. 08-20289, ECF No. 304. Thus, to the extent that Petitioner would have this Court address his underlying conviction and sentence, such relief is not available here through a Section 2241 petition. Jones v. Hendrix, 599 U.S. 465, 477-78 (2023)

3

Plaintiff filed a self-styled "Motion to Suspend Sanctions" raising the same arguments, and seeking the same relief. ECF No. 14 at 1.

On January 18, 2022, this Court ordered counsel for Respondent to respond to Plaintiff's two motions, which they did on January 21, 2022. ECF Nos. 18 and 21. In the Response, Respondent asserted that, even under sanctions, Petitioner still had a monthly commissary spending limit of $25. ECF No. 21 ¶¶ 8, 10. Further, Respondent argued that Petitioner continued to receive medical care while on FRP refusal status, and that all prescribed medication had been dispensed to Petitioner through the prison pharmacy. Id. ¶¶ 11-12.

On February 8, 2022, Petitioner filed a Reply to the Response. ECF No. 26. Among other arguments raised therein, Petitioner indicated that he never refused to take part in the FRP – only to the BOP's unilateral increase in payment – and that the Warden put him on "refuse" status without his consent. Id. at 2-3. Petitioner asserted that he never violated the initial FRP contract. Id. at 2.

The undersigned denied a preliminary injunction on June 28, 2022, finding that Petitioner had failed to show both a likelihood of success on the merits and irreparable harm. ECF No. 34.

### C. Petitioner's Additional Argument

Petitioner argued in additional correspondence that his FRP refusal status had resulted in ineligibility for credits under the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4)(A). See ECF No. 22 at 1. See also ECF Nos. 28-2 at 3, 31 at 1, and 31-1 at 1. The parties submitted supplemental briefing as to that issue. ECF Nos. 37, 38, and 40. Respondent has been consistent in his briefing that the Petition should be denied, among other reasons, due to Petitioner's failure to exhaust administrative remedies. ECF No. 28 at 4-5; ECF No. 38 at 1.n.1.

4

## II. LEGAL ANALYSIS

Petitioner's arguments in his various filings are varied and diverse. However, in light of his confirmation that he attacks solely the execution of his sentence, ECF No. 11 at 1, only his challenge to the amount of money that he is assessed through the FRP – and the consequences of his failure to pay that amount – are properly before this Court. This is appropriate subject matter for a federal habeas petition under 28 U.S.C. § 2241. McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) (holding that a federal prisoner's challenge to the FRP affects the execution of his sentence, and this is properly raised in a habeas petition under Section 2241).

Section 2241 does not contain an explicit statutory exhaustion requirement. However, the United States Court of Appeals for the Third Circuit has consistently required a federal habeas petitioner to exhaust his administrative remedies before filing a Section 2241 petition. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." Id. at 762.

Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative

showing of futility. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3rd Cir. 1986); Bradshaw, 682 F.2d at 1052.

The Federal Bureau of Prisons ("BOP") has in place a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. Id. § 542.13. If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within 20 calendar days "following the date on which the basis for the Request occurred." Id. § 542.14(a). The Warden is to respond to the request within 20 calendar days. Id. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." Id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." Id.

Courts within this judicial district have recognized that prisoners challenging their inclusion in the FRP, or their ability to pay – as Petitioner does here – first must exhaust their administrative remedies before seeking relief in federal court. United States. v. Tedrow, Crim. No. 20-265, 2024 WL 4041557, at *2 (W.D. Pa. Sept. 4, 2024) (citing cases and quoting United States v. Jordan, Crim. No. 11-23-4, 2013 WL 3422446, at *1 (W.D. Pa. July 8, 2013) ("[t]o the extent defendant complains about the BOP's authority to administer the IFRP, its method of collection of the restitution [he] owes or [his] ability to pay, [he] is first required to exhaust administrative remedies before complaining to an appropriate federal district court.")).

6

Here, Respondent asserts that Petitioner failed to exhaust his administrative remedies beyond the level of the Warden. ECF No. 28 at 5. See also ECF No. 28-1 at 3; ECF No. 28-4 at 2. Petitioner concedes this fact. ECF No. 30 at 1-2.

Petitioner argues that proceeding with administrative remedies beyond the level of the Warden would have been futile. Id. at 1. However, he has not demonstrated futility with the ultimate issue of which he complains – the increase of his assessment under the FRP from $25 to $150 per quarter.

Accordingly, Petitioner's claim that is properly before this Court is unexhausted, and must be denied.

### III. CONCLUSION

For the reasons set for herein, Petitioner's "§ 2241 Habeas Corpus Petition Form," ECF No. 1, will be denied.

An appropriate Order follows.

Date:   January __10__, 2025           BY THE COURT,

                                       _____
                                       MAUREEN P. KELLY
                                       UNITED STATES MAGISTRATE JUDGE

cc:   DAVID ERIKE MACLLOYD
      20156-039
      HAZELTON
      FCI HAZELTON
      FEDERAL CORRECTIONAL INSTITUTION
      P.O. BOX 5000
      BRUCETON MILLS, WV 26525

      All counsel of record (via CM/ECF)